Lin v. Garland

BIA
Schoppert, IJ
A208 903 734

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand twenty-three.

PRESENT:
        STEVEN J. MENASHI,
        BETH ROBINSON,
        ALISON J. NATHAN,
            *Circuit Judges.*

_____

ZOU LIN,
        *Petitioner*,

        v.                                      **21-6074**
                                             **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

**FOR PETITIONER:**    Peter L. Quan, Esq., Flushing, NY.

**FOR RESPONDENT:**    Brian Boynton, Acting Assistant Attorney General; Kohsei Ugumori, Senior Litigation Counsel; Nehal H. Kamani, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zou Lin, a native and citizen of the People's Republic of China, seeks review of a January 15, 2021 decision of the BIA affirming a March 26, 2019 decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zou Lin*, No. A208 903 734 (B.I.A. Jan. 15, 2021), *aff'g* No. A208 903 734 (Immig. Ct. N.Y.C. Mar. 26, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review adverse credibility determinations "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are

2

conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

We conclude that substantial evidence supports the adverse credibility determination. In her asylum application, Lin alleged that she was arrested and detained for six weeks for attending an underground Christian church in China. The agency reasonably relied on inconsistencies between her application and testimony regarding the abuse she suffered while detained. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The application reflects that Lin was assaulted by the police immediately after her arrest but that during the six weeks she was detained in jail,

3

she was "verbally scorned, intimidated, and threatened." Certified Administrative Record at 156. In contrast, she later testified that while she was detained, officials "tortured" her multiple times with beatings, used lights to interrogate her, punched her in the face, and hit her all over her body. *Id.* at 97.

The IJ also reasonably relied on inconsistencies between Lin's credible fear interview, application, and testimony about a forced abortion. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). At an initial credible fear interview, Lin raised her claim of religious persecution and told the interviewer that the father of her first child beat her and reported her pregnancy to family planning officials who forced her to have an abortion. She did not mention an abortion in her asylum application or written statement, nor did she testify to it until the IJ asked her about it following direct and cross-examination. Moreover, she told the IJ it occurred in 2014, but stated at the interview that it was in 2015. The agency was not required to accept Lin's explanation that she did not mention it because she thought it amounted to a domestic violence claim that would not support asylum and because she had tried to block it out. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("[P]etitioner[s] must do more than offer a plausible explanation for [their] inconsistent statements to secure relief; [petitioners] must demonstrate that a reasonable fact-finder would be *compelled* to credit [their] testimony." (quotation

4

marks omitted)). And contrary to Lin's argument here, the IJ may rely on minor inconsistencies in dates, "as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

In sum, these inconsistencies provide substantial evidence for the adverse credibility determination. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) (noting that "even a single inconsistency" might preclude an applicant "from showing that an IJ was compelled to find [the applicant] credible. Multiple inconsistencies would so preclude even more forcefully"); *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

We have considered Lin's remaining arguments and find them to be without merit. For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5